IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DIA ISA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. _____ |
| | ) Jury Demanded |
| UNIVERSITY HEALTH SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

Plaintiff, Dia Isa, for his Complaint against Defendant, University Health Systems, Inc., avers as follows:

Nature of Action

1. This is a civil action seeking equitable and monetary relief for injuries suffered and sustained by Plaintiff because of unlawful discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., as amended by the ADA Amendments Act of 2008, PL 110–325, September 25, 2008, 122 Stat. 3553.

Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff has exhausted all administrative remedies and conditions precedent to the filing of this action.

4. Plaintiff timely files this action within ninety days of her receipt of a notice of right to sue from the Equal Employment Opportunity Commission.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the events and omissions giving rise to this action occurred in this judicial district.

Parties

6. Plaintiff, Dia Isa, is a citizen of Tennessee and resident of Knox County, Tennessee.

7. Defendant, University Health Systems, Inc., is a Tennessee corporation. Defendant may be served with process through its registered agent, Bennett L. Cox, 2121 Medical Center Way, Suite 330, Knoxville, TN 37920.

8. Defendant is an "employer" within the meaning of, and subject to, the ADA.

Facts

9. Defendant operates the University of Tennessee Medical Center.

10. Plaintiff suffers from and has a record of several impairments that substantially limit her in a number of major life activities, including sleep paralysis, depression, migraines, and endometriosis.

11. Plaintiff began working for Defendant in August 2020 as a pharmacy tech. Her schedule was 7 p.m. to 7 a.m.

12. In December 2020, Plaintiff received a verbal "coaching" from her pharmacy supervisor concerning a few shifts for which she reported to work a few minutes late.

13. During the coaching, Plaintiff explained to her supervisor the fact of her disabilities and how those disabilities impair her sleep, causing her to be a few minutes tardy for the shifts in question.

14. During the week of January 2, 2021, Plaintiff's disabilities kept her out-of-work as verified by her physicians in notes provided by Plaintiff to her supervisor.

15. On January 21, 2021, despite Plaintiff supplying doctor's notes verifying her need to be

absent during the week of January 2, 2021, due to her disabilities, Plaintiff's supervisor issued her a written warning for being absent.

16. On February 12, 2021, Plaintiff contacted Defendant's human resources department to request that the written warning be removed because she had provided documentation related to her disabilities and absences during the week in question.

17. On February 19, 2021, Plaintiff was contacted by a member of Defendant's human resources department and advised that she was being terminated. No reason was given for the termination.

18. On February 26, 2021, Plaintiff received a letter from Defendant confirming the termination with an effective date of March 5, 2021. Still, no reason for the termination was provided.

## Cause of Action

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–18 as if set forth fully herein.

20. Plaintiff suffers from sleep disorders and physical and mental impairments that substantially limit her in one or major life activities, including sleeping, concentrating, and working.

21. Defendant knew of Plaintiff's disabilities.

22. Plaintiff was qualified to perform, with or without accommodation, the essential functions of her job.

23. Defendant terminated Plaintiff's employment because of her disabilities in violation of the ADA.

24. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has

suffered lost wages and benefits, for which Defendant is now legally liable.

25. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered, among other injuries, humiliation, embarrassment, and emotional distress.

26. Plaintiff is further entitled to reasonable attorney's fees and costs stemming from this violation of the ADA.

Prayer for Relief

WHEREFORE, Plaintiff, Dia Isa, respectfully prays for relief as follows:

1. That summons issue and Defendant be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure;

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus prejudgment interest; and compensatory damages for emotional distress and damage to Plaintiff's reputation.

3. That Plaintiff be awarded reasonable attorneys' fees and costs in an amount to be determined by the Court;

4. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

5. Plaintiff demands a Jury to try this cause.

Respectfully submitted,

/s/Richard E. Collins
_____
Richard E. Collins (TN Bar No. 024368)
STANLEY, KURTZ & COLLINS, PLLC
422 S. Gay Street, Suite 301
Knoxville, TN 37902
Phone: (865) 522-9942
Fax: (865) 522-9945
E-mail: richard@knoxvilleattorney.com

**Counsel for Plaintiff**